UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JUIVONNE LITTLEJOHN,

    Plaintiff,

v.                                                                Case No. 2:09-cv-121
                                                               HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Juivonne Littlejohn, an inmate currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, defendants include MDOC Director Patricia Caruso, MDOC Deputy Director Dennis Straub, Department Classification Specialist Bernard Scott, Deputy Warden R. Napel, RUM C. Tallio, Lieutenant Converse, Warden G. Capello, and Assistant Deputy Warden J. Larson.

Plaintiff's complaint alleges that he provided confidential information to prison staff and the information was then passed to inmates, placing Plaintiff at risk of assault. Plaintiff alleges that since July of 2008, gangs have "issued a hit upon" him, and he cannot be held at certain prisons without being in imminent danger of assault by gang members in general population. Due to these complaints, Plaintiff was transferred to AMF. Plaintiff states that he told Defendants that he would not be safe at AMF either. When Plaintiff arrived at AMF, he told Defendant Larson of the "pending threat" of assault and Defendant Larson responded that he could place Plaintiff in segregation until

the threat abated. Plaintiff claims that Defendants ignored the information he provided, and left him in an environment where he lives in fear of being attacked. Plaintiff contends that Defendants violated his rights under the Eighth Amendment. Plaintiff seeks $10,000 in compensatory and punitive damages from each Defendant, as well as a transfer to a facility where he will not be subjected to a risk of harm.

Presently before the Court is Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence

of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In support of their motion, Defendants contend that Defendants Caruso, Straub, Converse and Capello are entitled to summary judgment because there are no specific allegations against them in the complaint and because they had no personal involvement in Plaintiff's placement. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim

requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

As noted by Defendants, Plaintiff fails to make any specific allegations against Defendants Caruso, Straub, Scott, Converse and Capello. None of these Defendants had any personal contact with Plaintiff or involvement in his case. Plaintiff fails to allege that any of these defendants personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the alleged unconstitutional conduct. The fact that Plaintiff sent letters to these Defendants is not enough to impose liability. Plaintiff has not alleged facts establishing that Defendants Caruso, Straub, Scott, Converse and Capello were personally involved in the activity which forms the basis of his claim. Accordingly, Defendants Caruso, Straub, Scott, Converse and Capello are entitled to summary judgment for lack of personal involvement.

Defendants also claim that they are entitled to summary judgment because they did not act with deliberate indifference to Plaintiff's safety and protection needs. Under the Eighth Amendment, a prison official has a duty to protect an inmate from violence caused by other prisoners. *Wilson v. Sieter*, 501 U.S. 294, 303 (1991); *Nelson v. Overberg*, 999 F.2d 162, 165 (6th Cir. 1993); *Walker v. Norris,* 917 F.2d 1449, 1453 (6th Cir. 1990); *Roland v. Johnson*, 856 F.2d 764 (6th Cir. 1988); *McGhee v. Foltz,* 852 F.2d 876, 880-81 (6th Cir. 1988). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan,* 511 U.S. 825, 828 (1994) (citations omitted). Recognizing that a prison official has an obligation to protect an inmate from assault by another inmate, the Supreme Court defined deliberate indifference as requiring a showing that the prison official consciously disregarded a substantial risk of serious harm to plaintiff. *Id.* at 839. The court stated:

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as infliction of punishment.

*Id.* at 837. Thus, in order to support a claim that a prison official failed to protect plaintiff, two conditions must be satisfied: (1) the inmate must show that a substantial risk of harm was present and (2) that the defendants, having knowledge of that risk, possessed a culpable state of mind. *Id.*

In order to support an Eighth Amendment claim, plaintiff must establish "something more than a lack of ordinary due care, inadvertence, or error; the conduct must instead be 'obdurate' or 'wanton' – exhibiting recklessness or callous neglect." *Id.* at 165. *See also Gibson v. Foltz*, 963

F.2d 851, 853 (6th Cir. 1992); *Walker v. Norris*, 917 F.2d 1449 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 881 (6th Cir. 1988). An error of judgment does not subject a prison official to liability. *Jeffers v. Heavrin,* 10 F.3d 380, 381 (6th Cir. 1993) (errors of judgment are shielded by qualified immunity); *Marsh v. Arn*, 937 F.2d at 1069.

In *Stewart v. Love*, 696 F.2d 43 (6th Cir. 1982), the Sixth Circuit affirmed the dismissal of a prisoner's complaint that prison officials failed to protect him. In that case, prison officials transferred the plaintiff for a period of six months to another prison cell after the plaintiff informed the officials that he feared for his safety. The plaintiff was then transferred back to his original cell, where he informed his counselor that he feared for his safety, because he had heard rumors regarding a planned attack. The plaintiff was subsequently assaulted. The court found that the defendants were not deliberately indifferent to a known risk of harm to the plaintiff, and upheld the district court's finding that the assault was a single, isolated incident. The district court judge indicated that a full hearing would be appropriate if no action had been taken to protect the plaintiff. The plaintiff, however, was transferred to another unit after his initial complaints. Following the plaintiff's transfer back to the original unit, he then made only general allegations that someone was going to hit him on the head. The court concluded that the defendants, at most, were guilty of mere negligence and dismissed the claim.

Like *Stewart v. Love*, 696 F.2d 43 (6th Cir. 1982), Plaintiff here was not treated with "deliberate indifference." Defendant Napel, Deputy Warden at Marquette Branch Prison (MBP), attests that Plaintiff's request for protection was honored and he was housed separately from the general population at MBP because he was on administrative segregation status [Defendant's Exhibit D]. Although Plaintiff alleges that prison staff placed him directly in harm's way, he never specified

who his enemies were at other correctional facilities. Nor did Plaintiff give details regarding which staff members acted maliciously towards him.

Furthermore, Defendants took Plaintiff's complaints seriously and took action to protect him. In July of 2008, Plaintiff was confined to the administrative segregation unit at MBP. While there, Plaintiff claimed to have protection issues, and stated that he could not return to general population. Plaintiff sent letters to supervisory officials at MBP on August 26 and September 5, 2008, stating that he likely had enemies at the Alger facility and at AMF, and would prefer to be sent to the Standish facility. Plaintiff requested a transfer and return to general population in his September 5, 2008, letter. An investigation into Plaintiff's protection needs was then conducted. Staff gathered information suggesting that Plaintiff might have been the victim of an assault; however, there was no information to confirm that. Based on the information gathered, MBP staff determined that Plaintiff may have acquired enemies at MBP due to his past predatory behavior and length of time he was housed at MBP. However, staff did not obtain any information suggesting that Plaintiff's concerns were not localized and unique to MBP. Defendants assert that, if Plaintiff had provided information such as specific names, dates or the description of an incident that would have suggested that placement at AMF was not a viable option, no MBP administrator would have disregarded that information and knowingly sent Plaintiff into a conflict situation. [Defendants' Exibit E]. Plaintiff has not met his burden of proof to show that Defendants were "wanton" or "obdurate" or that they exhibited "callous neglect" with regard to Plaintiff's personal safety.

Finally, Defendants argue that they are entitled to qualified immunity because they did not violate any of Plaintiff's clearly established constitutional rights. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar

as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination, the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.* As previously discussed, because plaintiff cannot establish that his constitutional rights were violated, defendants are entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' Motion For Summary Judgment. Accordingly, it is recommended that Defendants' Motion For Summary Judgment (Docket #31) be granted and this case be dismissed in its entirety. Should the court adopt the report and recommendation in this case, Plaintiff's pending motions for a transfer and for protection (Docket #40, #41 and #48) are properly denied as moot.

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Moreover, should the court adopt the report and recommendation and should Plaintiff appeal the decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If Plaintiff is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 2, 2010