UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JUIVONNE LITTLEJOHN,

        Plaintiff,

                                        File No. 2:09-CV-121

v.

                                        HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

        Defendants.
                                   /

# ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 2, 2010, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment (Dkt. No. 31) be granted, that this case be dismissed in its entirety, and that Plaintiffs' outstanding motions (Dkt. Nos. 40, 41, 48) be denied as moot. (Dkt. No. 50, R&R.) Plaintiff Juivonne Littlejohn filed objections to the R&R on August 16, 2010. (Dkt. No. 51.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In this action Plaintiff asserts that Defendants failed to protect him from violence by other inmates in violation of the Eighth Amendment when they transferred him from Marquette Branch Prison ("MBP") to Baraga Maximum Correctional Facility ("AMF"). Plaintiff objects to the Magistrate Judge's factual determination that Plaintiff never specified who his enemies were at AMF. (R&R 6-7.) Plaintiff refers the Court to his own exhibits and to Defendants' exhibits which, he contends, clearly show that he contacted Defendants more than 15 times.

There is no question that Plaintiff advised the warden and others at MBP on various occasions that he had enemies at both Alger Correctional Facility ("LMF") and AMF. However, there is no record that Plaintiff specified who his enemies were. In an August 26, 2008, letter, Plaintiff advised that there were five prisoners at AMF who participated in the wrongful use of his name and the theft of items from his cell in 2004 and 2006, and two prisoners at AMF with whom he previously had a physical confrontation and would likely have another physical confrontation if they were in the same facility. (Dkt. No. 34, Tallio Aff., Attach. 1.) Plaintiff also advised that he had no problems at SMF (Standish Maximum Correctional Facility) or MR (Michigan Reformatory). (*Id.*) In a September 5, 2008, letter, Plaintiff again asked not to be sent to AMF or LMF, and indicated that "the best decision" is to transfer him "to SMF where I have no problems their as I have no prisoners or staff their I am in conflict with and if their are I am sure that I can contact the appropriate staff at that facility to continue to avoid further problems." (Tallio Aff., Attach. 2.) In an undated letter

attached to Plaintiff's response in opposition to Defendants' motion for summary judgment, Plaintiff indicated that "I have all the names of whom they are and their associates are and where they are and I will not reveal them to anyone because of the fact as to how I have been subjected to the disregard and subjected to the abuses of power by the prison officials whom have little disregard for my safety as they do for their staff or selves." (Dkt. No. 43, Ex. 6, Page ID #189.)

To be held liable under the Eighth Amendment for failure to protect, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Identification of a prisoner's enemies is critical to the prison's ability to protect a prisoner because it is the prison officials, not the prisoner, who must determine whether there is a substantial risk of harm that warrants a transfer or other action. *See Gant v. Campbell*, 4 F. App'x 254, 256 (6th Cir. 2001) (finding no Eighth Amendment violation for failure to protect where the plaintiff expressed a general concern about his safety but did not identify any particular gang members whom he feared). It is also the prison officials, not the prisoner, who must determine whether and where to transfer a prisoner. A prisoner may not simply assert the existence of threats at various institutions in order to obtain a transfer to the institution of his choice.

A prison official's duty under the Eighth Amendment is to ensure reasonable safety. *Farmer*, 511 U.S. at 844. "[P]rison officials who actually knew of a substantial risk to

inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id*.

In the case before this Court it is beyond dispute that the prison officials acted reasonably with respect to those risks of which they were reasonably aware. For example, in July 2008, while confined to MBP's administrative segregation unit, Plaintiff claimed to have protection issues, and stated that he could not return to general population:

> An investigation into Littlejohn's protection needs was conducted. During the investigation, staff gathered information suggesting that prisoner Littlejohn may have been the victim of an assault; however, there was no information to confirm that. Based on the information gathered, we determined that Littlejohn may have acquired enemies at MBP due to his past predatory behavior and the length of time he was housed at MBP. We did not obtain any information suggesting that Littlejohn's concerns were not localized and unique to MBP. Therefore, the Security Classification Committee determined that transfer to another facility would be appropriate.

(Tallio Aff. ¶ 8.) The transfer order listed all other institutions where Plaintiff had Special Problem Offender Notices ("SPONs") in his file. None of the SPONs were located at AMF at the time Plaintiff was transferred there. (Dkt. No. 32, Ex. C, Scott Aff. ¶ 9.) "If prisoner Littlejohn had provided information, such as specific names, dates or the description of an incident that would have suggested that placement at AMF was not a viable option, no MBP administrator or I would have disregarded that information and knowingly send him to a conflict situation." (Tallio Aff. ¶ 9.) After Plaintiff raised security concerns at AMF, he was offered protective custody. When Plaintiff refused voluntary protection and also refused to provide any specific information that would warrant involuntary protective segregation,

4

prison officials concluded that he did not truly feel threatened. (Dkt. No. 34, Larson Aff. ¶ 5).

The Court concludes that the R&R correctly determined that Plaintiff failed to meet his burden of showing that Defendants acted with deliberate indifference in failing to protect him from violence by other inmates.

Plaintiff also objects to the R&R as a whole on the basis that he was denied discovery which prevented him from adequately responding to Defendant's motion for summary judgment. Plaintiff has not identified what facts would be uncovered through discovery that he could not present by way of his own affidavit, or why such facts were essential to justify his opposition to Defendants' motion for summary judgment. *See* Fed. R. Civ. P. 56(f) (outlining requirements for opposing a summary judgment motion when affidavits are unavailable). The lack of discovery is not a basis for rejecting the R&R. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 51) are **OVERRULED**.

**IT IS FURTHER ORDERED** the August 2, 2010, R&R (Dkt. No. 50) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's second and third motions to transfer to a new facility (Dkt. Nos. 40, 48) and his motion for enlargement of time, for protective

order, for discovery, for deposition, and for supplemental pleadings (Dkt. No. 41) are **DENIED AS MOOT**.

**IT IS FURTHER CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that an appeal of this action would not be in good faith.


Dated: September 21, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE